NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PATRICIA SMALLS,

      Plaintiff,

v.

BARRY SARKISIAN, *et al.*,

      Defendants.

Civil Action No. 13-04698 (SRC)

**OPINION & ORDER**

**CHESLER**, District Judge

  This lawsuit, filed by Plaintiff *pro se* Patricia Smalls ("Plaintiff") against a number of New Jersey state court judges, state officials, and law enforcement officers, is one of three cases pending before this Court that arise from a state court eviction proceeding. (See also Civil Action Numbers 12-6312 & 13-4637.) Eight Defendants – the Honorable Barry P. Sarkisian, J.S.C.; the Honorable Peter F. Bariso, Jr., A.J.S.C.; the Honorable Hector R. Velazquez, P.J.Ch.; the Honorable Mitchel E. Ostrer, J.A.D.; the Honorable Marie P. Simonelli, J.A.D.; Chief Justice Stuart Rabner; John Tonelli, the Executive Director of New Jersey's Advisory Committee on Judicial Conduct ("ACJC"); and Lieutenant Robert McGrath of New Jersey's Division of Criminal Justice ("DCJ") (collectively, "Defendants") – have moved to dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Docket Entry 10.] Plaintiff has opposed. [Docket Entry 12.] For the foregoing reasons, the Court will grant Defendants' motion and dismiss the Complaint with prejudice as against them.

  This action stems from Plaintiff's eviction from her apartment in Riviera Towers, a co-op

located in West New York, New Jersey, and attendant legal action in the Superior Court of New Jersey. Plaintiff is an African-American woman and a former owner of an apartment in Riviera Towers who claims she was unlawfully evicted from her apartment because of her race and gender. The Court has previously entertained and granted motions to dismiss brought in the two interrelated cases pending before it. (See Civil Action No. 12-6312, Docket Entries 50 & 63; Civil Action No. 13-4637, Docket Entry 28.) The crux of those dismissals was Plaintiff's failure to plead facts sufficient to support her stated causes of action and failure to specify which of those claims applied to each individual defendant. See, e.g., Smalls v. Riviera Towers Corp., No. 12-cv-6312 (SRC), 2013 WL 6095117, at *3-4 (D.N.J. Nov. 20, 2013).

To be sure, the Complaint in this case suffers from these deficiencies as well. It alleges, in the same conclusory and generalized manner as the two previously dismissed Complaints, a broad conspiracy to "aid[] criminals" in taking and "burglarize[ing]" Plaintiff's home. (See Compl. at 3.) Based upon a review of the Complaint and Plaintiff's opposition brief, it appears that Plaintiff alleges 42 U.S.C. §§ 1983 and 1985 claims based on the Fourth, Fifth, Seventh, and Fourteen Amendments against the moving Defendants. (See Compl. at 4; Opp. Br. at 15.) Plaintiff seeks as a remedy both money damages and "her co-op apartment . . . returned." (See Compl. at 16.) The Complaint, however, does not plead specific facts that demonstrate a plausible entitlement to relief for any constitutional cause of action. Indeed, the Complaint fails to specify which constitutional right each individual Defendant is alleged to have violated. It is therefore apparent that the Complaint cannot pass muster under Federal Rule of Civil Procedure 8(a)(2). See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007))). In such a circumstance leave to replead would normally be granted. But as Defendants correctly argue, the Complaint should be dismissed with prejudice because all of the moving Defendants are immune from suit in this case.

The judicial Defendants – Judge Sarkisian, Judge Bariso, Judge Velazquez, Judge Ostrer, Judge Simonelli, and Chief Justice Rabner – are entitled to absolute judicial immunity from suit. See Mirales v. Waco, 502 U.S. 9, 9-10 (1991) ("a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehensions of personal consequences to himself" (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1871))); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (noting a complaint may be dismissed on immunity grounds where such a "defect [is] clear from the face of [the] complaint"). Such immunity is only ever overcome in two circumstances – a judge "is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity . . . [and] a judge is not immune for actions, though judicial in nature, [are] taken in the complete absence of jurisdiction." See Mirales, 502 U.S. at 11-12 (citation omitted). Neither of these circumstances is present here. To the contrary, it appears that Plaintiff's allegations against Judges Sarkisian, Bariso, Ostrer, Simonelli, and Velazquez arise from the rulings against her in the eviction action, and the allegations against Chief Justice Rabner are based on his refusal to conduct an investigation on her behalf. See Wicks v. Lycoming County, 456 F. App'x 112, 114 (3d Cir. 2012) ("An act is judicial in nature if 'it is a function normally performed by a judge' and if the parties 'dealt with the judge in his judicial capacity.'" (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978))).

Defendants Tonelli and McGrath are shielded from suit by the doctrine of state sovereign immunity. It is apparent that Plaintiff has sued Tonelli in his official capacity as Executive Director of the ACJC. (See Compl. ¶ 3 (noting that Tonelli and the ACJC did not act on her complaints about the judicial Defendants).) Tonelli is therefore immune under the Eleventh Amendment. See Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 185 (3d Cir. 2009) (dismissing § 1983 suit brought against, *inter alia*, the ACJC and Tonelli in his official capacity).[1] The same goes for Lieutenant McGrath, who it appears was only named in this lawsuit because he signed letters sent to Plaintiff on behalf of the DCJ that informed Plaintiff the Attorney General could not help get her apartment back. (See Compl. ¶¶ 4 & 8; Ex. G.) Plaintiff's true dispute is thus with the ACJC and DCJ, for failing to respond to her complaints against the judicial Defendants and for failing to provide "help" regarding her eviction, respectively. (See Compl. ¶¶ 3, 8.) This Court is unaware of any legal authority that would authorize a suit against Tonelli or McGrath, who it appears were merely the state officials tasked with the ministerial duty of informing Plaintiff that the ACJC and DCJ would not act on her accusations of misconduct.[2]

Finally, this Court recognizes that Plaintiff seeks its recusal from this case [Docket Entry 4], a request that Plaintiff has made in her other cases currently before it. The undersigned will

---

[1] Of course, the Eleventh Amendment does not protect state officers when "sued in their individual capacities for prospective injunctive relief and declaratory relief to end continuing or ongoing violations of federal law." MCI Telecomm. Corp. v. Bell Atlantic Pa., 271 F.3d 491, 506 (3d Cir. 2001). But even if this were Plaintiff's intent regarding Tonelli – *i.e.*, she is bringing suit to force Tonelli to undertake an investigation of the judicial Defendants – he would be "entitled to quasi-judicial immunity and thus not subject to suit for injunctive relief." See Capogrosso, 588 F.3d at 185.

[2] Having disposed of the Complaint on immunity grounds, the Court need not address Defendants' arguments that the Court lacks jurisdiction pursuant to the Rooker-Feldman Doctrine and that Defendants are not "persons" within the ambit of §§ 1983 and 1985. (See Mov. Br. at 9, 13.)

again deny the recusal request. Plaintiff's application fails to raise any colorable grounds to trigger this Court's duty to recuse itself pursuant to the provisions of 28 U.S.C. §§ 144 and 455. It is well established that "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion' because they almost never arise from an extrajudicial source.'" United States v. Bertoli, 400 F.3d 1384, 1412 (3d Cir. 1994) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Plaintiff's recusal request does nothing more than challenge the propriety, albeit in vehement language, of the August 9, 2013 Opinion & Order entered by the Court in Civil Action No. 12-6312. It therefore raises no valid grounds for recusal. Were disagreement with the Court's decisions an adequate basis for the Court to recuse itself, every unhappy litigant would be entitled to similar relief.

Accordingly,

**IT IS** on this 13th day of December, 2013,

**ORDERED** that the motion to dismiss filed by Defendants [Docket Entry 10] be and hereby is **GRANTED**; and it is further

**ORDERED** that the Complaint shall be **DISMISSED WITH PREJUDICE** as to the moving Defendants; and it is further

**ORDERED** that the moving Defendants shall be terminated from this case; and it is further

**ORDERED** that the Application/Petition for recusal filed by Plaintiff [Docket Entry 4] be and hereby is **DENIED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge