<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PATRICIA SMALLS,<br><br>                Plaintiff,<br>v.<br><br>BARRY SARKISIAN, *et al.*,<br><br>                Defendants. | **Civil Action No. 13-04698 (SRC)**<br><br>**OPINION** |

<u>**CHESLER**</u>, District Judge

This lawsuit, filed by Plaintiff *pro se* Patricia Smalls ("Plaintiff"), is one of two related cases currently pending before this Court that arise from a state court eviction proceeding. (<u>See</u> also Civil Action No. 13-4637.)[1] In short, Plaintiff claims she was unlawfully evicted from her apartment because of her race and gender, and that a vast conspiracy of New Jersey state court judge, state officials, and law enforcement officers has orchestrated a plot to steal her home. The Court has previously dismissed from this case a number of Defendants, including the state court judges, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [See Docket Entry 18.] The remaining Defendants – former Assistant United States Attorney Susan Handler-Menahem ("Handler-Menahem"), Felix Roque ("Roque"), the mayor of West New York, and West New York police captain Michael Zitt ("Zitt" and, together with Roque, the "West New York Defendants") – have now moved to dismiss the Complaint as well. [Docket Entries 21, 23, 29.] All three Defendants seek dismissal under Rules 12(b)(1) and 12(b)(6). These motions will

---

[1] Another related case, Civil Action No. 12-6312, was dismissed in its entirety on January 16, 2014. [<u>See</u> Docket Entry 68, No. 12-cv-6312.]

be granted, and the Complaint dismissed with prejudice.

Handler-Menahem makes two arguments in support of dismissal, both of which are meritorious. First, Handler-Menahem contends that Plaintiff's suit against her is barred by the doctrine of sovereign immunity, and thus should be dismissed for lack of subject matter jurisdiction. (See Handler-Menahem Mov. Br. at 4.) To the extent Plaintiff asserts claims against Handler-Menahem in her official capacity as an Assistant United States Attorney ("AUSA"), this proposition is correct. A lawsuit against a federal official in his or her official capacity is but another way of suing the United States, Brazelton v. Holt, 462 F. App'x 143, 146 (3d Cir. 2012), and absent waiver the federal government is immune from suit. See, e.g., Becton Dickinson and Co. v. Wolckenhauer, 215 F.3d 340, 345 (3d Cir. 2000). Here, there is every reason to believe Plaintiff is suing Handler-Menahem in such capacity – it appears that Handler-Menahem is only named in the Complaint because she signed a purely ministerial letter sent to Plaintiff informing Plaintiff the United States Attorney's Office had no jurisdiction over Plaintiff's claims against the state court judges. (See Complaint, Ex. E.)

Even if this is not the case, and Plaintiff is in fact suing Handler-Menahem personally, (see Opp. Br. at 1), the Complaint against Handler-Menahem states no facts in support of any claim and must be dismissed under Rule 12(b)(6). Indeed, Handler-Menahem is only mentioned once in the Complaint, in a singled paragraph under the heading "Conspiracy," which states: "Plaintiff filed a complaint with the United States District of New Jersey Civil Division" regarding the alleged burglary of her home and theft of "all of her personal possessions," and Handler-Menahem told Plaintiff "that there were no violations of federal civil rights law." (See Complaint, at 5.) The Complaint otherwise fails to allege any facts to indicate how Handler-

2

Menahem's action could serve to violate any law (federal or state) or any constitutionally created right. Threadbare allegations, legal conclusions, and a barrage of conspiracy allegations against the undersigned in opposition briefs are not facts upon which a pleader can rely to surmount a motion to dismiss. The Complaint against Handler-Menahem will therefore also be dismissed pursuant to Rule 12(b)(6). See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

As stated, the West New York Defendants also seek dismissal pursuant to Rules 12(b)(1) and 12(b)(6). The Court, however, cannot agree with the West New York Defendants' subject matter jurisdiction argument, which is that because Plaintiff fails to plead facts supporting a federal claim the Court does not have federal subject matter jurisdiction over the lawsuit. (See Roque Mov. Br. at 7; Zitt Mov. Br. at 6.) This puts the cart before the horse. Whatever the merits of a complaint's factual allegations, a lawsuit which seeks relief under federal law will not be defeated on jurisdiction grounds solely because the complaint's facts (or lack thereof) do not give rise to a federal cause of action. Here, Plaintiff seeks relief under federal law, including 42 U.S.C. § 1983 and the federal constitution – the "well-pleaded complaint" rule thus dictating that federal jurisdiction is properly exercised. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

The West New York Defendants, however, are correct that the Complaint fails to state a claim against them upon which relief can be granted, and thus must be dismissed pursuant to Rule 12(b)(6). As to Roque, the Complaint alleges that he met with Plaintiff and recommended the services of a free attorney who would help her with the eviction action. (See Complaint, at 13.) Plaintiff further alleges that this attorney ignored her, "slander[ed]" her name in court, and made other "false statements"; Plaintiff fired the attorney for these reasons and filed a grievance

with Roque about the attorney.  (See id. at 14.)  Taken as true, these allegations do not state a claim under state or federal law.  The Court is unaware of any authority that would support a cause of action for recommending legal services that later turn to have been substandard.  Insofar as Plaintiff argues that Roque is part of a larger conspiracy to "deprive" her of a "stolen co-op" and "cover-up the crimes committed against her," (see Opp. Br. at 1), there are no facts pleaded in the Complaint to support such a far-reaching and pervasive conspiracy.  Allegations that amount to nothing more than legal conclusions about theft, burglary, and the like are not sufficient to overcome a dismissal motion.

The claims against Zitt are similarly deficient.  According to the Complaint, Plaintiff met with Zitt and "demanded" that she be allowed to file a "burglary complaint"; Zitt told her "he was not going to allow her to file" the complaint "because nothing was stolen" and then told Plaintiff she had to "leave the precinct."  (See Complaint, at 13.)  This allegation – either standing alone or read in connection with the Complaint's conclusory statements of liability – does not suffice to withstand a motion to dismiss.  See Iqbal, 556 U.S. at 678.  To the extent Plaintiff is alleging that Zitt is liable for failing to charge someone with a crime, such a claim is not cognizable under federal law, and specifically 42 U.S.C. § 1983.  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Haagensen v. Pa. State Police, 490 F. App'x 447, 453-54 (3d Cir. 2012) (quoting Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981)).

In the ordinary course, a plaintiff in putative a civil rights case should be granted leave to amend a complaint vulnerable to dismissal.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007).  Denial of leave to amend, however, is

4

justified "on the grounds of bad faith, undue delay, prejudice, or futility."  Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).  Nothing in the Complaint or Plaintiff's opposition briefs indicate that additional matters could be plead to state a claim which could withstand a motion to dismiss.  Indeed, as stated above Plaintiff's arguments in opposition do nothing more than reiterate the conclusory allegations of conspiracy made in the Complaint, in ever more vehement tones.  As such, leave to amend will be denied on futility grounds.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").

    In sum, the motions to dismiss will be granted, and the Complaint dismissed with prejudice.  An appropriate Order will be filed herewith.

       s/ Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

Dated: June 2nd, 2014